# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY BAILEY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0285** (BOR Appeal No. 2049807)
                    (Claim No. 2009069395)

**BJ SERVICES COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Gary Bailey, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. BJ Services Company, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a September 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 4, 2012, decision granting Mr. Bailey a 0% permanent partial disability award related to his lower back. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey worked as an oil pump operator for BJ Services Company. On October 26, 2008, Mr. Bailey was lifting a manifold when he suffered a low back injury. An MRI taken two months after the injury showed multilevel degenerative disc disease with spinal canal and foraminal narrowing. Mr. Bailey was then treated by Vincent J. Miele, M.D., who diagnosed him with a herniated nucleus pulposus at the L4-5 disc. Dr. Miele performed an L4-5 hemilaminectomy, a right L4-5 microlumbar discectomy, and right L4 and L5 foraminotomies. Following these treatments, Mr. Bailey's claim was held compensable for a lumbosacral strain

1

by a January 12, 2010, Order of the Office of Judges. The Office of Judges specifically stated that Mr. Bailey's bulging discs, multilevel degenerative disc disease, lumbar intervertebral disc disorder, herniated disc, and spondylosis were not compensable conditions of the claim. Mr. Bailey did not appeal the Office of Judges' Order. At the end of the year, the claims administrator also denied a request to add lumbar disc herniation without myelopathy and paresthesia. The Office of Judges and the Board of Review affirmed this claims administrator's decision.[1]

Joseph Grady, M.D., then evaluated Mr. Bailey and found that he had sciatica as well as multilevel degenerative changes which pre-existed the compensable lumbosacral strain. Dr. Grady found that these pre-existing conditions were confirmed by MRIs in the record. Dr. Grady noted that Mr. Bailey had surgery on his lower back. However, Dr. Grady believed that the surgery was related to his pre-existing, non-compensable disc herniation and not his compensable lumbar sprain. Dr. Grady found that Mr. Bailey had 0% whole person impairment for his lower back injury based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Lumbar Category I of West Virginia Code of State Rules § 85-20-C (2006). On December 4, 2012, the claims administrator granted Mr. Bailey a 0% permanent partial disability award based on Dr. Grady's recommendation.

Joseph Snead, M.D., also evaluated Mr. Bailey. He found that Mr. Bailey had considerable stiffness in his back due to the herniated L4-5 lumbar disc and resulting surgery. Based on this loss of range of motion, Dr. Snead determined that Mr. Bailey had 31% whole person impairment according to the American Medical Association's *Guides*. Dr. Snead also evaluated Mr. Bailey under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2002) and adjusted his recommendation to 13% impairment because of Mr. Bailey's disc herniation and resulting radiculopathy. Prasadarao B. Mukkamala, M.D., then reviewed Mr. Bailey's records. Dr. Mukkamala found that Mr. Bailey's injury was limited to a lumbosacral strain and that he had reached his maximum degree of medical improvement. Based on Dr. Grady's range of motion testing, Dr. Mukkamala found that Mr. Bailey had 0% whole person impairment related to the compensable injury under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. Dr. Mukkamala also criticized Dr. Snead's impairment recommendation. He found that Dr. Snead's recommendation was based on Mr. Bailey's lumbar disc herniation, which was not a compensable condition of the claim. On September 16, 2014, the Office of Judges affirmed the claims administrator's grant of a 0% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on February 25, 2015, leading Mr. Bailey to appeal.

The Office of Judges concluded that Mr. Bailey had 0% whole person impairment related to his compensable lumbosacral strain and that he was not entitled to any more than a 0% permanent partial disability award related to this condition. The Office of Judges based this

---

[1] On December 11, 2013, this Court affirmed the Board of Review's, Office of Judges', and claims administrator's refusal to add lumbar disc herniation without myelopathy and paresthesia as compensable conditions of the claim in *Bailey v. BJ Services Company*, No. 12-0334 (Dec. 11, 2013) (memorandum decision).

conclusion on the evaluation of Dr. Grady. The Office of Judges found that the records review of Dr. Mukkamala supported Dr. Grady's recommendation. It also considered the evaluation of Dr. Snead, but the Office of Judges did not rely on his opinion. It found that Dr. Snead's impairment rating was not reliable because his rating was based on a combination of the 4th Edition and 5th Edition of the American Medical Association's *Guides* and did not include a reference to the West Virginia Code of State Rules. The Office of Judges also determined that Dr. Snead's rating would provide compensation for Mr. Bailey's lumbar disc herniation, which was not a compensable condition of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Bailey has not demonstrated that he is entitled to any greater than a 0% permanent partial disability award for his October 26, 2008, injury. The evidence in the record demonstrates that the only compensable condition of the claim is a lumbosacral strain. The evaluation of Dr. Grady shows that Mr. Bailey has 0% whole person impairment related to his lumbosacral strain. Dr. Grady's evaluation is consistent with the directives of the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. His evaluation is supported by the records review of Dr. Mukkmala and the remainder of the evidence in the record. The Office of Judges was within its discretion in relying on Dr. Grady's report. The Office of Judges also provided sufficient reasons for disregarding Dr. Snead's impairment recommendation. Because Dr. Snead did not base his lumbar impairment recommendation on the ranges provided under West Virginia Code of State Rules § 85-20-C, the rating he calculated for Mr. Bailey's injury was not reliable. Additionally, Dr. Snead's recommendation was based on the impairment related to Mr. Bailey's surgically repaired disc herniation and resulting radiculopathy, which are not compensable conditions of the claim. His evaluation, therefore, cannot be used to determine the amount of permanent partial disability to which Mr. Bailey is entitled for his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum

3